```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

WENDY A. CAMPBELL,

                           Plaintiff,          14-CV-6136T

           v.                                   **DECISION**
                                                            **and ORDER**

CORRECTIONAL MEDICAL CARE, INC.,
CHRISTINE ROSS, LISA CAPOCCIA,
KIM WILSON, MICHELLE O'BRIEN, and
JEANNIE O'DELL

                           Defendants.

```
_____
```

## INTRODUCTION

Plaintiff Wendy A. Campbell ("Campbell") proceeding pro se, a former employee of defendant Correctional Medical Care, Inc. ("CMC"), a private company which provides health care services to inmates of correctional facilities pursuant to contracts with municipalities, brings this action pursuant to Title VII of the Civil Rights Act of 1964 and the Equal Pay Act of 1963 claiming that she was unlawfully discriminated against on the basis of her race. Specifically, plaintiff, who is black, alleges that she was treated differently than similarly situated white employees; was subjected to a hostile work environment, and was ultimately fired from her job because of her race.

Defendants deny plaintiff's allegations, and individual defendants Christine Ross, Lisa Capoccia, Kim Wilson, Michelle O'Brien, and Jeannie O'dell move to dismiss plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

on grounds that plaintiff's claims against them fail to state a cause of action. Specifically, the individual defendants contend that because Title VII does not allow for individual liability in employment discrimination cases, plaintiff's claims against them must be dismissed. Defendant CMC moves to dismiss plaintiffs claims on grounds that plaintiff has failed to state a cause of action under the Equal Pay Act, and has failed to allege a plausible claim of racial discrimination pursuant to Title VII. Plaintiff has not opposed defendants' motion, and instead has moved the court for appointment of counsel.

For the reasons set forth below, I grant defendants' motion to dismiss, and deny plaintiff's motion for appointment of counsel.

BACKGROUND

The following facts are taken from the plaintiff's complaint, and documents filed in support of the defendants' unopposed motion to dismiss[1]. Plaintiff Wendy Campbell is a registered nurse who began working for CMC on October 1, 2012. Plaintiff alleges that she was a satisfactory employee with no verbal or written disciplinary actions taken against her, and good attendance. According to CMC, plaintiff engaged in disruptive and uncooperative

---

[1] Because plaintiff's Complaint lacks detail regarding her employment with the defendant, and instead focuses almost exclusively on the specific incidents she regards as discriminatory, the factual background set forth by the defendants is used for purposes of placing plaintiff's allegations in context. As it must, the court considers only the plaintiff's allegations in analyzing the defendants' motion to dismiss.

behavior with her fellow employees and supervisors throughout her employment.

Plaintiff's employment was terminated on August 21, 2013, less than one year after she was hired. Plaintiff was fired one day after she was sent home early from work for allegedly refusing to comply with a supervisor's order regarding scheduling. According to the defendant, on August 20, 2013, defendant Erin Presley ("Presley"), a supervising nurse employed by CMC, instructed defendant nurse Lisa Capoccia ("Capoccia") to relieve plaintiff for lunch at 11:30 a.m. Plaintiff allegedly refused to be relieved, claiming that she wanted to take her lunch at noon. After Capoccia made a second request to relieve Campbell, plaintiff allegedly slammed a book down and asked Capoccia "what part of what I just said do you not understand."

Thereafter, according to Campbell, Presley aggressively confronted her regarding her request to take lunch at a later time. Plaintiff claims that Presley raised her voice to her and gesticulated, which plaintiff considered to be humiliating and harassing. Presley relieved Campbell of her duties for the day, and sent her home. Defendant Ross reviewed plaintiff's conduct, and determined that plaintiff had violated CMC's conduct policy, and terminated her employment.

In September, 2013, plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). After

investigating plaintiff's allegations, the EEOC dismissed her complaint, and issued plaintiff a right-to-sue letter. Thereafter, plaintiff filed the instant Complaint.

## DISCUSSION

### I. Standard for Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (internal quotation marks omitted). Moreover, conclusory

allegations are not entitled to any assumption of truth, and therefore, will not support a finding that the plaintiff has stated a valid claim. Hayden v. Patterson, 594 F.3d 150, 161 (2nd Circ., 2010). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

   II. Plaintiff has Failed to State a Claim under the
       Equal Pay Act

Plaintiff alleges that she was paid less than similarly-situated white nurses who worked for defendant CMC. To establish a prima facie case of pay discrimination under the Equal Pay Act, "a plaintiff must demonstrate that 'i) the employer pays different wages to employees of the opposite sex; ii) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and iii) the jobs are performed under similar working conditions.'" Ryduchowski v. Port Authority of New York and New Jersey, 203 F.3d 135, 142 (2nd Cir., 2000)(quoting Belfi v. Prendergast, 191 F.3d 129, 135 (2d Cir.1999).

In the instant case, plaintiff has alleged that she was paid less than other employees because of her race, not gender. Because the Equal Pay Act only recognizes claims of wage inequality that are based on gender, I grant defendants' motion to dismiss plaintiff's Equal Pay Act Claim with prejudice. Mudholkar v. Univ.

of Rochester, 2006 WL 2792281, at *6-7 (W.D.N.Y. Sept. 27, 2006) (Telesca, J.), aff'd, 261 F. App'x 320 (2d Cir. 2008)(no cause of action under Equal Pay Act where claim of pay inequality is not based on gender discrimination).

    III. Plaintiff has Failed to State a Claim of Discrimination under Title VII

    A.   Individual Liability

Plaintiff claims that she was subjected to racial discrimination from defendants Christine Ross, Lisa Capoccia, Kim Wilson, Michelle O'Brien, and Jeannie O'dell. It is well-settled, however, that individuals may not be held liable for damages under Title VII. See Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995)(holding that individuals are not subject to liability under Title VII). Accordingly, I grant the individual defendants' motion, and dismiss plaintiff's claims with prejudice against defendants Christine Ross, Lisa Capoccia, Kim Wilson, Michelle O'Brien, and Jeannie O'dell.

    B.   Hostile Work Environment

Plaintiff alleges that she was subjected to a hostile work environment by the defendants. To state a claim of discrimination resulting from a hostile work environment, plaintiff must demonstrate "(1) that his workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of his work environment, and (2) that a specific basis exists for imputing the conduct that

created the hostile environment to the employer." <u>Van Zant v. KLM Royal Dutch Airlines</u>, 80 F.3d 708, 715 (2nd Cir. 1996). The conduct alleged must be severe and pervasive enough to create an environment that "would reasonably be perceived, and is perceived, as hostile or abusive." <u>Harris v. Forklift Systems, Inc.</u>, 510 U.S. 17, 22 (1993). "Stray racial remarks or slurs are not actionable under Title VII." <u>Badrinauth v. Touro College</u>, 1999 WL 1288956, *4, (E.D.N.Y. Nov. 4, 1999). Rather, "there must be a steady barrage of opprobrious racial comments." <u>Snell v. Suffolk County</u>, 782 F.2d 1094, 1103 (2d Cir.1986). "Conduct that is merely offensive and not severe or pervasive enough to create an objectively hostile or abusive work environment" will not establish a Title VII discrimination claim. <u>Torres v. Pisano</u>, 116 F.3d 625, 631 (2d Cir.) (internal quotes omitted), <u>cert. denied</u>, 118 S.Ct. 563 (1997).

In the instant case, I find that plaintiff has failed to sufficiently allege the existence of a hostile work environment. Plaintiff claims that she was "harassed" and "humiliated" on August 20, 2013 when she was 'corner[ed] ... into a small office" by her supervisor and another nurse, and scolded by her supervisor in a "raised voice" while the supervisor used "hand gestures." <u>See</u> Plaintiff's Complaint at p. 4.[2] Assuming plaintiff's allegations

---

[2] The Complaint contains two pages identified as page "4." The above citation refers to the first of the two pages labeled page 4.

to be true, the claims fail to allege that the conduct was based on plaintiff's race, or that the conduct that was "severe or pervasive." Although plaintiff alleges that she was depicted as "the 'angry Black woman'" during this encounter, plaintiff's subjective and conclusory opinion as to the basis for the conduct cannot establish a prima facie case of discrimination in the absence of any evidence suggesting that the conduct was motivated by a racial animus. Wright v. Milton Paper Co., 2002 WL 482536, *8 (E.D.N.Y. March 26, 2002)(speculative and conclusory allegations of discrimination are not sufficient to make out a prima facie case of discrimination)(citing Stern v. Trustees of Columbia Univ., 131 F.3d 305, 312 (2d Cir.1997). Because plaintiff has failed to establish a prima facie case of discrimination based on a hostile work environment, I grant defendants' motion to dismiss.

    C.    <u>Termination of plaintiff's employment</u>.

Plaintiff alleges that she was treated differently than white employees in that she was fired for conduct that would have led only to disciplinary action, or no action, for white employees. Specifically, she alleges that she was treated differently than "white nurses" who had several write-ups or breached security standards. She claims that while white nurses received corrective counseling for their alleged transgressions, she was fired for allegedly being insubordinate.

To establish a prima facie case of employment discrimination based on unlawful termination, plaintiff must show (1) that she belonged to a protected class; (2) that she was qualified for the position; (3) that she was terminated; and (4) that the termination occurred under circumstances giving rise to an inference of discrimination. See Shumway v. United Parcel Service, Inc., 118 F.3d 60, 63 (2nd Cir. 1997). One method of alleging that an adverse employment action took place under circumstances giving rise to an inference of discrimination is to claim that an employee suffered "disparate treatment." Disparate treatment occurs when an employer "simply treats some people less favorably than others because of their race, color, religion, [or other protected characteristics]." Hazen Paper Co. v. Biggins, 507 U.S. 604, 609 (1993)(quoting Teamsters v. United States, 431 U.S. 324, 335-336 n.15 (1977)).

To state a claim for disparate treatment, a plaintiff "must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." Vega v. Hempstead Union Free Sch. Dist., 12-CV-6158SJF, 2014 WL 2157536 at * 3 (E.D.N.Y. May 22, 2014). "To be similarly situated and qualify as a comparator, even at the motion to dismiss stage, 'other employees must have reported to the same supervisor as the plaintiff, must have been subject to the same standards governing performance evaluation and discipline, and must have engaged in conduct similar to the plaintiff's, without such differentiating or

mitigating circumstances that would distinguish their conduct or the appropriate discipline for it.'" Id. at * 5 (quoting Mazzella v. RCA Global Communications, Inc., 642 F.Supp. 1531, 1547 (S.D.N.Y.1986).

In the instant case, plaintiff has failed to show that the employees she has compared herself to were similarly situated to her in all material respects. There is no evidence as to whether the other employees plaintiff refers to reported to the same supervisor, were registered nurses, or were subject to the same disciplinary standards. Because plaintiff has failed to allege that the white nurses who allegedly received preferential treatment were similarly situated to her in all material respects, plaintiff's claims of disparate treatment are dismissed without prejudice.

　　IV. Appointment of Counsel

Plaintiff seeks appointment of counsel on grounds that she is unfamiliar with legal proceedings and fears that her case will be dismissed because of her inexperience. There is no constitutional right to appointed counsel in civil cases, and assignment of counsel is within the judge's discretion. In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

　　1.　Whether the plaintiff's claims seem likely to be of substance;

　　2.　Whether the plaintiff is able to investigate the crucial facts concerning his claim;

      3.    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

      4.    Whether the legal issues involved are complex; and

      5.    Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

<u>Hendricks v. Coughlin</u>, 114 F.3d 390, 392 (2d Cir. 1997); <u>see also</u> <u>Hodge v. Police Officers</u>, 802 F.2d 58 (2d Cir. 1986).  Counsel may be appointed in cases where it appears that such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the litigant has made "a threshold showing of some likelihood of merit."  <u>Cooper v. A. Sargenti Co.</u>, 877 F.2d 170, 174 (2d Cir. 1989).

    The Court has reviewed the facts presented herein in light of the factors required by law.  Based on this review, plaintiff's motion for appointment of counsel is denied.  Plaintiff has not made a threshold showing that her claims are meritorious.  Nor does it appear that the legal issues involved are complex.

<u>CONCLUSION</u>

    For the reasons set forth above, I grant the defendants' motion to dismiss, and deny plaintiff's motion for appointment of counsel.  Plaintiff's claims under the Equal Pay Act, and against the individual defendants are dismissed with prejudice.  Plaintiffs

claims alleging a hostile work environment and unlawful termination of employment are dismissed without prejudice.

    ALL OF THE ABOVE IS SO ORDERED.


                                          S/ Michael A. Telesca
                                          _____
                                              MICHAEL A. TELESCA
                                      United States District Judge

Dated:    Rochester, New York
             June 11, 2014